SAMUEL R. PYLES ET AL., PLAINTIFFS IN ERROR, VS. JOHN D. BEALL, DEFENDANT IN ERROR.

1. On motion to reinstate the writ of error in this cause it appeared that great diligence was used in trying to secure service of the *scire facias ad audiendum errores* on the defendant in error in person, and, failing in this, the officer, by direction, delivered a copy of the writ to defendant's attorney of record in the court below; that defendant in error was a resident of this State and had a permanent place of abode in the county where the writ issued and where service could have been perfected by leaving a copy of the writ with a person of the family over fifteen years of age. *Held*, That the motion should not be granted.

2. The statute does not require that the writ shall in every case be served by leaving a copy with a member of defendant's family, but the direction is that he may be served by leaving a copy at his usual place of abode with some person of the family above fifteen years of age, and informing such person of the contents thereof.

Writ of Error to the Circuit Court for Alachua county.

Motion to Reinstate Writ of Error.

The facts in the case are stated in the opinion of the court.

*W. S. Bullock, Hampton & Ammons,* for Motion.

*S. Y. Finley* and *Thos. F. King, Contra.*

MABRY, C. J.:

On a former day of the present term the writ of error in this case was dismissed, and a motion is now made to reinstate the case. The judgment sought to be reviewed was rendered in July, 1895, and writs of error and *scire facias* issued from the Circuit Court on the 5th day of October following, returnable to the first day of the January term, A. D. 1896, of this court. There has been no legal service of the *scire facias,* and it is not claimed here that such service was made. The contention in opposition to the motion to dismiss the writ of error was that the service of the *scire facias* had been waived; and if not waived, an *alias* should be issued, returnable to a day within the term of the court, or to a subsequent term. It was held in the opinion dismissing the writ of error that there had been no waiver of service of the *scire facias,* and while it appeared from affidavits then before the court that great diligence was shown in trying to make *personal* service on the defendant in error, there was negligence in not making service by leaving a copy of the writ at the usual place of abode of the defendant with some person of the family above fifteen years of age, and informing such person of the contents thereof. It clearly appeared from the affidavits then filed that the defendant did have a usual place of abode in Alachua county, where service could have been per-

fected by leaving a copy of the writ for him, as authorized by the statute. It also appeared that the officers in trying to make personal service on the defendant were acting under directions of counsel, and the sheriff states in his affidavit that after making fruitless searches to find the defendant, in order to serve him, he reported the fact to counsel who urged the importance and necessity of making the service on Beall. The sheriff further states that he went with the process to the place where he was informed the defendant lived, but did not find him there, and could not find him in the county. The conclusion of the court dismissing the writ of error on the showing made was inevitable, as we were irresistibly impressed with the view that counsel in directing the service of the writ personally on defendant in error overlooked the provision of the statute authorizing service by leaving a copy of the process at his usual place of abode with some person of the family over fifteen years of age, and informing such person of the contents thereof.

On the present motion it is contended that the case should be reinstated and an *alias scire facias* issued to bring the defendant in error before the court. One ground of contention is that copies of affidavits submitted in support of the motion to dismiss were not furnished plaintiffs in error, and they had no opportunity of meeting them. From what is now made known to the court it appears that both parties disregarded the rule as to service of copies of affidavits used on the motion to dismiss, but the submission was on briefs and affidavits, and the court was not advised as to any departure from the rule in furnishing copies of the affidavits submitted. Additional affidavits covering the grounds embraced in the motion to dismiss

have been submitted by both parties, and we have carefully examined all the affidavits on the present motion. As the basis for the contention that the case should be reinstated and an *alias scire facias* issued, it is claimed that defendant in error is shown not to have had any permanent place of abode in Alachua county during the time of service of the writ, and that every reasonable effort was made both by counsel and officers to obtain personal service, but without success. The affidavits in support of the motion show that extraordinary diligence was used in trying to get personal service on the defendant in error, so much so as to indicate of itself that it was supposed the only way service could be made was by finding the defendant and serving him in person. The showing is conflicting as to whether he had a permanent place of abode in the county where service could have been perfected by leaving a copy as directed by section 1015 Rev. Stat., but its weight, in our judgment, is in favor of the view that he did have such abode. The affidavits of one of the plaintiffs in error, his counsel and the deputy sheriffs state that affiants were *informed* upon repeated inquiries that defendant had no permanent place of abode in the county, but staid wherever it suited his pleasure or convenience. Some of the affidavits in support of the motion state as a fact that defendant had no permanent place of abode in the county, but these affidavits are met by others pointed and strong to the effect that defendant did have such residence in Alachua county where service could easily have been made by leaving a copy as authorized by the statute. The defendant states positively that he had a permanent place of abode with a family by the name of Barker; and Mr. Barker and wife fully corroborate

this statement.  Both the latter state that Beall had made his home for several years at their house in Alachua county, and was making it his usual place of abode when one of the deputy sheriffs visited it for the purpose of serving him with a Supreme Court summons, as was stated.  They also state that the deputy enquired if Beall was living or staying with them, and they informed this deputy that he did, and had just left the house a short time before.  There are other affidavits showing that Beall resided with Barker, and from the affidavits of the latter and his wife it appears that the deputy sheriff was fully advised of the fact as to defendant's residence in the county.  The statement of the sheriff himself, that he went to the place in the county where he was informed the defendant lived, has already been mentioned.  It is true that the deputy sheriff referred to denies the statements of the Barkers as to the information given him of Beall's residence, but on this point the preponderance is in favor of the conclusion that such information was given. We are still of the opinion from all the showing that Beall had a permanent place of abode in Alachua county, within the meaning of the statute, where service could have been perfected by leaving a copy of the writ with a person of the family over fifteen years of age; and further, that no reasonably sufficient excuse has been shown for not serving the *scire facias* in the way indicated, which would have been effective if so made.  Great diligence is shown in trying to serve the defendant personally, but no such diligence is shown, in our judgment, in making the service in the other way authorized by the statute, and if all the affidavits

36

now before us had been examined on the motion to dismiss, the result would not have been changed.

One of the alleged reasons assigned to reinstate is that the defendant in error is a bachelor, and has no family or relative, and the position assumed is that the writ was dismissed because the *scire facias* was not served by leaving a copy with a member of *his* family, when, as a matter of fact, he had none. The decision was not based upon this view, nor does the statute require in every case that the copy shall be left with a person of the family of the defendant. The direction that he may be served by leaving a copy at his usual place of abode with some person of the family above fifteen years of age, and informing such person of the contents thereof. Although Beall had no family of his own, service by leaving a copy with a proper person of the family in which he resided would have been sufficient. It is the failure to make such service when, as is evident to us, it could have been done, that shows the want of proper diligence in making the service.

This court has never decided that an *alias scire facias* on a writ of error after its return day could be issued when there has been no service of the original writ. It was said in Christopher vs. Newnham, 34 Fla. 370, 16 South. Rep. 274, that if it be that an *alias scire facias* can issue and be made returnable after the return day of the writ of error, the failure to issue and serve the original must not be attributable to any default on the part of the plaintiff in error. It has been repeatedly decided here that the issuance and service of a *scire facias*, in the absence of a waiver on the part of the defendant in error, are essential to give the court jurisdiction of his person;

:and also that it is essential to the validity of a writ of error that there be returnable therewith a *scire facias*, served on the defendant in error within the prescribed time before the return day, or a waiver thereof. See authorities cited in the opinion dismissing the writ of error in this case, and also in Gerig vs. Diamond Phosphate Co., also decided at this term.

In First National Bank vs. King, 36 Fla. 25, 18 South. Rep. 1, it was held that where a writ of error is issued and served within the six months limited for the suing out writs of error, and is made returnable to the proper time, it is not necessary that the *scire facias* shall be either issued or served within the limited six months, but may be issued and served after such time has expired, provided it is made returnable to the same time with the writ of error, and is served twenty-five days before its return day. While the facts of this case are not the same as to the character or extent of the failure of duty to have the *scire facias* properly served as was shown in the case of Christopher vs. Newnham, *supra*, they bring it within the same principle, and our conclusion is that the motion to reinstate and the application for rehearing must be denied.

Order to be entered accordingly.