159 So.2d 111 (1963)
NATIONAL LEASING CORP., a Florida corporation, Appellant,
v.
BOMBAY HOTEL, INC., a Florida corporation, Appellee.
No. 63-114.
District Court of Appeal of Florida. Third District.
December 20, 1963.
Rehearing Denied January 15, 1964.
*112 L.J. Cushman, Miami, for appellant.
Nelan Sweet, Miami Beach, for appellee.
Before BARKDULL, C.J., and HORTON and TILLMAN PEARSON, JJ.
PER CURIAM.
The appellant seeks review of an adverse final judgment in a replevin action. The main contention here is that § 46.08, Fla. Stat., F.S.A., has been repealed by the 1954 Florida Rules of Civil Procedure, specifically Rules 1.8(g) and 1.13, thereof, 30 F.S.A., and by certain legislative acts subsequent to the adoption of the aforesaid rules.
Section 46.08, supra, permits the joinder of causes of action except "that replevin and ejectment shall not be joined together nor with other causes of action." In the case at bar, the appellee sought the replevin of certain personal property. The appellant filed an answer and counterclaim in which it claimed damages by reason of the appellee's alleged "hold-over" after the expiration of a lease. The counterclaim was in excess of the jurisdictional limits of the civil court of record in which the cause of action was then pending. An amended counterclaim containing substantially the same allegations, but increasing the damages claimed, was filed without obtaining permission of the court.
A pre-trial conference was held at which the appellant failed to appear through its counsel, and as a result of such conference, the court entered an order striking the counterclaim as well as the amended counterclaim. Subsequently the cause was submitted to a jury who returned a verdict in favor of the appellee, upon which verdict the judgment appealed was rendered. A motion to vacate and set aside the order striking the counterclaims as well as the final judgment was filed and denied.
The Supreme Court of Florida, under the rule-making authority delegated to it by Section 3, Article V, of the Constitution of Florida, F.S.A., did, on June 20, 1962, adopt the Florida Rules of Civil Procedure, 1962 Revision, 30 F.S.A., by an order, which inter alia, contained the following:
"* * * This compilation and revision shall supersede all conflicting rules and statutes. All statutes not superseded hereby or in conflict herewith shall remain in effect as rules promulgated by the Supreme Court."
Rule A of the aforesaid compilation and revision of the 1954 Florida Rules of Civil Procedure defined the scope and title of the rules and made them applicable to all suits of a civil nature and all special statutory proceedings, "with the exception that the form, content, procedure and time for pleading in all special statutory proceedings shall be as prescribed by the statutes providing for such proceedings, unless these rules shall specifically provide to the contrary." [Emphasis supplied]
Our examination fails to disclose where there has been an explicit repeal of § 46.08, supra, by any of the Florida Rules of Civil Procedure. There appears to be some conflict between § 46.08, supra, and Rules 1.8(g) and 1.13, supra. It is apparently the appellant's view that with Rules 1.8(g) and 1.13 providing contrary to the *113 non-joinder provisions of § 46.08, a repeal of the provisions of the latter statute has been effected. Section 25.47, Florida Statutes, 1955, and Section 25.371, Florida Statutes, 1957, 1959, and 1961, F.S.A., contain no expressed repeal of § 46.08, supra. Consequently, when the order adopting the compilation of the rules by the Supreme Court became effective, there was in existence Chapter 78 of the Florida Statutes, F.S.A., which provided for a method of procedure in an action of replevin. Therefore, in the absence of any provision in the rules to govern proceedings in replevin, we conclude that such provisions of Chapter 78 as were in existence at the time of the 1962 adoption by the Supreme Court of the 1954 Florida Rules of Civil Procedure, continue to control the form, content, procedure and time for pleading in replevin actions. This conclusion might suffice to answer the question but we think the appellant's contention involves a more basic point, and that is a determination of whether or not the provisions of § 46.08, supra, when construed in the light of the pertinent provisions of the 1954 Florida Rules of Civil Procedure, are substantive or procedural in nature. If the provisions of this statute are construed to be procedural, then we would be inclined to agree with the appellant's contention; whereas, on the other hand, if the provisions of § 46.08 are construed to be substantive, then our conclusion on the matter would be to the contrary.
It is our view that the provisions of non-joinder provided for under § 46.08, supra, are matters of substance rather than procedure and consequently such as could not be modified, repealed or changed by the rule-making power granted to the Supreme Court of Florida by the Constitution or legislative enactment. See Ramagli Realty Co. v. Craver, Fla. 1960, 121 So.2d 648. We think this conclusion is further buttressed by the failure of the legislature over the years to specifically repeal any portion of § 46.08, supra. We are not constrained to conclude that the Supreme Court or the legislature, without so specifying, have by implication repealed the statute. The right to institute replevin is a creature of statute. The form of pleading, as well as the procedural steps, are prescribed by statute and where the legislature concludes that such an action should not be combined with any other action, then that being in the nature of a specific prohibition, we feel that in the absence of a specific repeal thereof, it was the intention of the legislature as well as the Supreme Court to continue the effectiveness of such provisions. To construe it otherwise would, in our humble opinion, constitute judicial legislation on our part.
The appellant also contends that since the counterclaim exceeded the jurisdictional limits of the civil court of record, that court had no alternative except to transfer the cause to the circuit court of Dade County. In view of our decision on appellant's prior contention, a discussion of this point would be purely academic.
Accordingly, the judgment appealed is affirmed.
Affirmed.