McNULTY, Judge.
Pursuant to Rule 4.2, F.A.R., 32 F.S.A. defendant-appellant brings this interlocutory appeal from an order denying its mo *155 tion to set aside a default judgment as to liability entered in appellee’s negligence action. We reverse.
The facts are undisputed. Appellant is an Alabama insurance company authorized to do business in this state. Appellee sued appellant herein by complaint filed November 13, 1969, and, pursuant to § 624.0222, F.S.A., attempted service of process on appellant by serving the State Treasurer as, ex-officio, Insurance Commissioner. Section 624.0222, supra, provides in pertinent part as follows:
“(1) Service of process upon the commissioner as process agent of the insurer (under § 624.0221) shall be made by serving copies * * * of the process upon the commissioner * * *. Upon receiving such service the commissioner shall * * * promptly forward one copy of the process by registered or certified mail to the person last designated by the insurer to receive the same, as provided under § 624.0221(2).
(2) Where process is served upon the commissioner as an insurer’s process agent, the insurer shall not be required to answer or plead except within twenty days after the date upon which the commissioner mailed a copy of the process served upon him was required by subsection (1).” [Emphasis supplied]
In accordance with the foregoing, a deputy sheriff of Leon County duly served the Insurance Commissioner with the required papers herein on November 18, 1969. For some unexplained reason, however, the Insurance Commissioner neglected to “promptly forward” copies thereof to appellant, as required, and, indeed, did not do so until December 12, 1969, some twenty-three days after receiving them, and some twenty-eight days after suit was filed. The transmittal from the Insurance Commissioner was finally received at the offices of appellant on Monday, December 15, 1969, and on the following day, unbeknown to appellant, default was entered upon motion of appellee’s counsel. It is not disputed that actual notice of the default was not had by appellant until at least two days after its entry when appellant contacted its Florida counsel on December 18, 1969, with regard to defending this suit.
Notwithstanding these facts, the trial judge denied appellant’s motion to set aside the default holding that § 624.0222, supra, was superseded by Rule 1.140(a), R.C.P., 30 F.S.A., that “service” on appellant was accomplished by service on the Insurance Commissioner on November 18, 1969, and that therefore, pursuant to the aforesaid Rule 1.140(a), appellant had twenty days from November 18, 1969 within which to appear or plead and finally, that appellant was in default in the premises as a matter of law. This appeal ensued.
True it is that Rule 1.140(a), R.C.P., provides:
“A defendant shall serve his answer within twenty days after service of original process and the original pleading upon him, * *
But it is also true that Rule 1.010, R.C.P., provides in part that:
“ * * * These rules shall be construed to secure the just, speedy and inexpensive determination of every action. * * * ” [Italics supplied]
To hold, therefore, that the general rule relating to the pre-eminence of the R.C.P.[1] applies under the facts herein, and that thereupon Rule 1.140, supra, supersedes the special process statute before us, would result in injustice and, indeed, may well also result in an unconstitutional absurdity. So neither the general rule nor Rule 1.140, supra, can be as absolute as the order appealed *156 from would have it. Concededly, justice must be administered by rule; but the rule by which it is administered will not be permitted to frustrate it.[2]
Accordingly, both the purpose of the foregoing rules and the purpose of § 624.-0222, supra, must be considered in para materia. The obvious purpose of the statute is to satisfy due process, in terms of notice of suit, and the obvious purpose of the Rules of Civil Procedure is to expedite due process. They are not inconsistent but, rather, complementary. The statute provides for the service of process in the special circumstances contemplated therein, and reasonably so, because patently, in those circumstances, the rules fall short. The case before us is within those special circumstances.
Considering, then, the rudimentary concept that the essential purpose of process is notice, we are compelled to undivert-edly adhere to the well-established rule that statutes governing service of process must be strictly complied with.[3] Furthermore, because we are in the area of due process, and in addition to the reasons hereinabove advanced, Rule 1.140, R.C.P., cannot be construed so as to dilute it.
In view of the foregoing, therefore, the order appealed from must be, and it is hereby, reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed.
LILES, Acting C. J., and MANN, J., concur.

. See, e. g., § 25.371, F.S.A.; Rule 1.010, R.C.P. in its entirety; and also, National Leasing Corp. v. Bombay Hotel, Inc. (Fla.App.3rd 1963), 159 So.2d 111.

. “[R]ules of practice are promulgated for the purpose of aiding the courts in the speedy determination of causes, but the courts are established for the purpose of the administration of justice, and, where the strict enforcement of the letter of the rules of practice tends to prevent or jeopardize the latter, the rules should yield to the higher purpose.” Demos v. Walker (1930), 99 Fla. 302, 126 So. 305.

. See, e. g., Young Spring & Wire Corp. v. Smith (Fla.1965), 176 So.2d 903; Tibbetts v. Olson (1926), 91 Fla. 824, 108 So. 679 and Unterman v. Brown (Fla.App.2d 1964), 169 So.2d 522.