271 So.2d 31 (1972)
ATLAS VAN LINES, INC., a Foreign Corporation, Appellant,
v.
Howard ROSSMOORE, Appellee.
No. 72-504.
District Court of Appeal of Florida, Second District.
December 13, 1972.
*32 A.C. Shields, III, of Dart, Dickinson, O'Riorden, Gibbons & Quale, Sarasota, for appellant.
Robert P. Rosin, of Rosin & Abel, Sarasota, for appellee.
McNULTY, Judge.
Atlas Van Lines, a foreign corporation doing business in Florida, brings this interlocutory appeal from the denial of its motion to vacate[1] a default judgment in favor of appellee. We reverse.
The relevant facts are undisputed. Appellee-plaintiff utilized the "substituted service" authorized by § 48.181, F.S.A., (the "long arm" statute) when suing a foreign corporation. That statute provides that corporations, and natural persons, doing business in the State of Florida, "appoint" the Secretary of State as their agent for service of process in actions arising out of their business. The complaint herein was related to the conduct of appellant's business, so service on the Secretary of State was proper in the first instance.
Appellant does not contest the service of process on the Secretary of State, but rather complains that notice of such service was not sent to it pursuant to § 48.161, F.S. 1971, F.S.A., which reads in pertinent part as follows:
"48.161 Method of substituted service on nonresident. 
When authorized by law, substituted service of process on a nonresident ... by serving a public officer designated by law shall be made by leaving a copy of the process ... with the public officer or in his office ... The service is sufficient service on a defendant who has appointed the public officer as his agent for the service of process. Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his attorney to the defendant ... ." (Italics added.)
Appellee admits that the "notice" portion of § 48.161 was not complied with but contends it need not be when service is had under § 48.181, supra. We find this position untenable. In the first place, § 48.181 merely authorizes substituted service on nonresidents in certain situations (as does §§ 48.171, 48.182 and 48.19, F.S. 1971, F.S.A. in other situations), while § 48.161, supra, by its terms sets forth the method of substituted service on nonresidents in all those situations. Neither section is complete in itself and must, therefore, be read in pari materia with the other.
Having found that appellee should have complied with the notice requirements *33 of § 48.161, we also have no difficulty in finding the omission a jurisdictional defect. The purpose of our "long arm" statutes is to subject certain nonresidents to the jurisdiction of Florida courts, not to trials without notice and opportunity to defend; strict compliance therewith is therefore absolutely required.[2]
Reversed and remanded.
LILES, Acting C.J., and HOBSON, J., concur.
NOTES
[1] Rule 1.540, F.R.Civ.P., 31 F.S.A.
[2] Cf., Parish Mortgage Corporation v. Davis (Fla.App. 1971), 251 So.2d 342; and American Liberty Insurance Company v. Maddox (Fla.App. 1970), 238 So.2d 154.