278 So.2d 675 (1973)
H. John SANGMEISTER, Appellant,
v.
Barbara H. McELNEA, Appellee.
No. 72-1057.
District Court of Appeal of Florida, Third District.
June 5, 1973.
*676 Weinstein & Bavly, Miami, for appellant.
A. Jay Cristol and Steven Mishan, Miami, for appellee.
Before CHARLES CARROLL and HENDRY, JJ., and JOHNSON, DEWEY M., Associate Judge.
PER CURIAM.
The appellee obtained a judgment against the appellant in the Supreme Court of New York County, New York, on September 22, 1971, for default in previously ordered child support, in the amount to $8,730, with interest thereon from January 1, 1969, plus $350 attorney fees. On October 12, 1971, appellee filed an action on the New York judgment in the circuit court of Dade County. After a summons issued for service on the resident defendant was returned unexecuted, service purportedly was made by leaving copies of the summons and complaint with one Alice Churchill at the defendant's place of abode. A motion of the defendant to quash the service was denied. Thereafter default and final judgment were entered against the defendant, who appealed.
The question to be determined is whether the person to whom copies of the summons and complaint were delivered at the defendant's usual place of abode in Dade County was a "person of the family over fifteen years of age."
Section 48.031 Fla. Stat., F.S.A. provides for service of original process to be made by delivering copies of the summons and initial pleading to the party to be served, "or by leaving such copies at his usual place of abode with some person of the family over fifteen years of age and informing such person of their contents."
In denying the motion of the defendant to quash, the court upheld the service on the ground that it was sufficiently shown that Alice Churchill, to whom copies of the process were delivered at the defendant's place of abode was a person of the family within the meaning of the statute.
It was disclosed by an affidavit of Alice Churchill that she was an aunt of the defendant; that she was a citizen of London, England, where she engaged in a certain business, and was vacationing in the United States; that after visiting in other parts of this country she began a visit with her nephew here shortly after Christmas of 1971, and had been residing in her nephew's home in that capacity to the date of her affidavit, which was April 11, 1972, and that she was planning to remain for several more weeks after which she was to return to England.
Although one who is a visitor in the home of another ordinarily will not be regarded as a member or person of the family of the latter, one who resides or "visits" *677 in the home of a relative for a substantial period of time, such as in this instance, for the winter season of approximately four months, may properly be regarded as a member or "person of the family" while residing there during such an extended period. See 62 Am.Jur.2d, Process § 101. Cf. Pyles v. Beall, 37 Fla. 557, 20 So. 778; Clark v. Clark, 158 Fla. 731, 30 So.2d 170.
On the facts disclosed we hold that the trial judge did not commit error in denying the defendant's motion to quash service, and therefore the judgment should be affirmed.
Affirmed.