306 So.2d 594 (1975)
Angeline R. COUTS, Appellant,
v.
MARYLAND CASUALTY COMPANY, Appellee.
No. 73-1021.
District Court of Appeal of Florida, Second District.
January 24, 1975.
*595 Walter L. Morgan, Fort Lauderdale, for appellant.
Oscar Blasingame and Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, for appellee.
McNULTY, Chief Judge.
The question in this interlocutory appeal is the sufficiency of substituted service.
Appellant was named by defendant Maryland Casualty Company as a third-party defendant along with others including Evelyn Couts, her mother-in-law. The sheriff's return shows that personal service was made at appellant's home on the mother-in-law both for purposes of process on the mother-in-law individually and for substituted service on appellant. It undisputedly appears that the mother-in-law was visiting at appellant's home but had not been living there for any extended period. For some unknown reason the mother-in-law never delivered process to appellant nor informed her of her status as third-party defendant and default judgment was subsequently entered against appellant. This proceeding challenges the court's jurisdiction to enter that default judgment.
Service was attempted here pursuant to the provisions of § 48.031, F.S. 1973, which provides in material part as follows:
"Service of original process is made by delivering a copy thereof to the person to be served ... or by leaving such copies at his usual place of abode with some person of the family over fifteen years of age... ." (Italics ours.)
The pivotal point is whether Evelyn Couts, the mother-in-law, was indeed "some person of the family."
In reviewing the cases[1] we would agree, first of all, that kinship by blood or marriage is irrelevant.[2] Secondly, we think that the sufficiency of substituted service in these cases is essentially dependent upon two other factors: (a) permanency of the abode of the person to be *596 served and (b) the permanency of the abode of the person served. These depend, of course, on the living arrangements between them.
Here, with respect to the first aspect of the problem, there is no question but that the residence in which Evelyn Couts, the mother-in-law, was served was appellant's "usual place of abode." But we think the mother-in-law was not a "person of the family" of those residing in those premises. She was not living with appellant at all but had come for a visit lasting only a few days. In this respect this case differs from the factual situation before our sister court of the Third District in Sangmeister v. McElnea.[3] There substituted service was made on an aunt who had resided in the defendant's home for approximately four months. Consistently with our view, though treating the other side of the coin, the court said in that case:
"Although one who is a visitor in the home of another ordinarily will not be regarded as a member or person of the family of the latter, one who resides or `visits' in the home of a relative for a substantial period of time, such as in this instance, for the winter season of approximately four months, may properly be regarded as a member or `person of the family' while residing there during such an extended period."[4]
We do not think that the mother-in-law in this case qualifies under these criteria.
Accordingly, the order appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
GRIMES, J., and PATTON, ROBERT W., Associate Judge, concur.
NOTES
[1] See Pyles v. Beall (Fla. 1896), 37 Fla. 557, 20 So. 778; Sangmeister v. McElnea (Fla. App.3d, 1973), 278 So.2d 675.
[2] Pyles v. Beall, id.
[3] (Fla.App.3d, 1973), 278 So.2d 675.
[4] Id. at 676-677.