341 So.2d 531 (1977)
Joseph HAUSER, Appellant,
v.
Neil SCHIFF, As Receiver of Carriage House Apartment Hotel, Appellee.
No. 76-203.
District Court of Appeal of Florida, Third District.
January 11, 1977.
Ciravolo & Feldman, Miami and Howard Horowitz, Tallahassee, for appellant.
Smith, Mandler, Smith, Parker & Werner, Joe Unger, Miami Beach, for appellee.
Before HENDRY, C.J., PEARSON, J., and SACK, MARTIN, Associate Judge.
SACK, MARTIN, Associate Judge.
In an attempt to perfect personal service of process upon the appellant, one Freddy Carreras went to the office of Fleetwood Insurance Agency, on the 6th floor of 3550 Biscayne Boulevard, Miami. Mr. Carreras, upon his arrival spoke to a secretary and informed her he had come to serve the appellant with a paper. Thereafter, without seeing the appellant, Mr. Carreras left the summons and complaint with the secretary and departed. He did not, at any time, inform the secretary as to the nature of the papers.
Based on the foregoing, the appellant moved to dismiss for lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process on the ground that process was not properly served pursuant to Section 48.031, Florida Statutes (1975). By this appeal, the appellant challenges the correctness of the trial court's denial of the motion to dismiss. We agree with the appellant and hereby reverse.
Section 48.031, Florida Statutes (1975) reads as follows:
"Service of original process is made by delivering a copy [of it] to the person to be served with a copy of the complaint, petition or other initial pleading or paper or by leaving the copies at his usual place of abode with some person of the family who is fifteen years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided by this section."
Statutes governing substituted service of process must be strictly construed and must be strictly complied with. American Liberty Insurance Company v. Maddox, 238 So.2d 154 (Fla.2d D.C.A. 1970); Atlas Van Lines, Inc. v. Rossmoore, 271 So.2d 31 (Fla.2d *532 D.C.A. 1972). The term "usual place of abode" contained in Section 48.031, Florida Statutes (1975) means where the person is actually living at the time of service. State v. Heffernan, 142 Fla. 496, 195 So. 145 (1940). Furthermore, a "person of the family" may be a visitor for a prolonged period to the abode of the person to be served, but there is no question that the person actually served must be residing in his home. Sangmeister v. McElnea, 278 So.2d 675 (Fla.3rd D.C.A. (1973); Couts v. Maryland Casualty Company, 306 So.2d 594 (Fla.2d D.C.A. 1975).
In light of the foregoing, there is no way this court can construe substituted service of process at a man's office upon a secretary therein to constitute compliance with the terms of Section 48.031, Florida Statutes (1975). This is so, notwithstanding a failure to show the office in question was in fact the appellant's office and a conclusive showing that the process server failed to inform the secretary as to the contents of the papers.
Therefore, the order appealed is hereby reversed, and the cause is remanded to the trial court for further proceedings not inconsistent herewith.
Reversed and remanded, with directions.