LETTS, Judge.
This case involves a complaint for replev-in and an appeal from the trial court’s action striking a counterclaim thereto, with prejudice. We reverse.
The appellant kept possession of the actual film, shot for a motion picture which he had been commissioned, by the appellee, to produce, direct and act in. The appellee filed a replevin action to recover same and the appellant filed a counterclaim alleging that he was supposed to become a 50% owner of the picture and that this co-ownership agreement had been breached.
Said counterclaim was struck, with prejudice, by the trial court for the sole reason that:
“The court [is] of the opinion that by the very nature of the replevin action . no counterclaim may be asserted. .
One has only to read the appellee’s brief to reconstruct what law must have been cited to the trial judge to cause the latter to make this error. (The appellee did not appear for oral argument before this court). Up until 1967, Florida was possessed of Statute § 46.08, Fla.Stat. (1965), which read in part:
“Causes of action, of whatever kind, by and against the same parties in the same rights, may be joined in the same suit, except that replevin and ejectment shall not be joined together nor with other causes of action.”
We need not speculate whether the above would properly forbid a counterclaim, as distinct from forbidding a multicount complaint, because the quoted language was removed from the statute books by Chapter 67-254, Laws of Florida, § 3, under which only the venue provisions of the removed section survived to become § 47.041, Fla. Stat. (1975). Accordingly, the line of Florida cases supporting the judge’s ruling were all decided prior to the repeal of § 46.08 and cannot now be relied on. See Seven Seas Frozen Products, Inc. v. Fast Frozen Foods,Inc., 43 So.2d 181 (Fla.1949); Butler v. Mirabelli, 179 So.2d 868 (Fla. 2d DCA 1965), and National Leasing Corp. v. Bombay Hotel, 159 So.2d 111 (Fla. 3d DCA 1964).
Nor do we construe § 78.02(3) to bar a counterclaim in a replevin action as it appears to us that this latter section simply forbids a defendant from the re-replevin of property which has already been replevined, in the same cause, by the opposing party.
Research does not reveal any recent Florida cases which pass on the propriety of filing a counterclaim in an action for re-plevin, although Fla.R.Civ.P. 1.170(b) would appear to permit it. The general rule in other jurisdictions, however, is that such counterclaims are permitted. In 66 Am. Jur.2d, Replevin, § 48, it is stated on page 866:
“In most jurisdictions, often by statutory provision, the general rule that a setoff or counterclaim is allowable where it arises out of the same transaction as that on which the plaintiff’s cause of action is founded, or where it involves the same subject matter, has been applied to permit defenses by way of counterclaim or setoff in replevin or similar actions for the recovery of personal property.”
An example of a case where such was held to be proper is Linscomb v. Goodyear Tire and Rubber Co., 199 F.2d 431 (8th Cir. 1952), in which the purchaser of a burned down warehouse salvaged some property, belonging to former tenants and still having value. The former tenants brought an action for replevin, but the purchaser was permitted to obtain judgment on his counterclaim for the reasonable value of his services rendered to salvage the property.
In the present case, the claim for replevin is based on a film on which the appellant worked. His counterclaim is for damages for breach of contract, arising out of the production of the same movie. It is thus clear that the counterclaim and the original claim both arise out of the same single transaction. We see no legal, nor policy, reason why defendant’s counterclaim *845 cannot be litigated along with the original cause.
REVERSED AND REMANDED.
ALDERMAN, C. J., and MOORE, J., concur.