356 So.2d 1323 (1978)
Nancy D.W. WAKEMAN, Appellant,
v.
Jos. D. FARISH, Jos. D. Farish, Jr., d/b/a Farish & Farish, Appellees.
No. 77-813.
District Court of Appeal of Florida, Fourth District.
April 4, 1978.
*1324 John S. Call, Jr., of Stewart, Van der Hulse, Call & Byrd, Palm Beach, for appellant.
Joseph D. Farish, Jr., of Farish & Farish, West Palm Beach, for appellees.
MOORE, Judge.
This appeal concerns the sufficiency of service of process upon the defendant-appellant who was sued by the plaintiff-appellee for recovery of fees for services rendered. In order to obtain service of process, appellee obtained an order appointing an elisor who was an employee of appellee's law firm on a fulltime basis as an investigator.
Service of process was attempted three times, the first two of which were pursuant to Section 48.031, Florida Statutes (1975) by serving the appellant's butler and caretaker at appellant's usual place of abode. Section 48.031, Florida Statutes (1975) reads as follows:
"Service of original process is made by delivering a copy thereof to the person to be served with a copy of the complaint, petition or other initial pleading or paper or by leaving such copies at his usual place of abode with some person of the family over fifteen years of age and informing such person of their contents."
We hold that a servant, living in servant's quarters, employed by an individual is not a "person of the family," and the attempted, substituted service upon the butler and the caretaker was therefore ineffective. Although decided on the peculiar facts attendant to that situation, the Supreme Court in McIntosh v. Wibbeler, 106 So.2d 195 (Fla. 1958), stated:
"In the particular factual situation, i.e., appellant residing alone with a servant and without any member of her family in the household, service in this case could have been effected only by delivery to her in person... ."
We recognize that the Second and Third District Courts of Appeal have determined that the phrase "person of the family" does not require one to be related by blood or marriage. Couts v. Maryland Casualty Company, 306 So.2d 594 (Fla.2d DCA 1975), Speer v. Wooddell, 340 So.2d 524 (Fla. 3d DCA 1976). Nevertheless, statutes governing substituted service of process must be strictly construed. Hauser v. Schiff, 341 So.2d 531 (Fla. 3d DCA 1977). In Speer, supra, the court was dealing with a substitute individual who permanently resided in the same abode as the defendant and had so resided for approximately one year prior to the date of service. In Couts, supra, the court held that a mother-in-law, visiting for a few days, was not a "person of the family."
The legislature must have intended someone other than an employee when it used the phrase "person of the family" unlike the federal rule which allows substituted service of process upon any individual residing with the defendant. See, Fed.R.Civ.P. 4.
We find merit in appellant's contention that the appointment of an employee of the plaintiff as elisor is contrary to Fla. R.Civ.P. 1.070(b). This rule allows the court to appoint a competent person who is "not interested in the action." We have been unable to discover any law directly on point. Nevertheless, we hold that an employee of the plaintiff is "interested in the action" and therefore ineligible to be appointed to serve process. Even though any benefit the employee may derive from the plaintiff's ultimate success in the litigation may be uncertain and indirect, he is his employer's agent and his interest must be equated with that of his employer.
Plaintiff's third attempted service of process upon the defendant was by the same elisor who attempted to serve the *1325 defendant personally in the Bahamas. In view of our holding that the elisor was an interested person, we do not reach a determination as to the validity of the service of process under Bahamian law.
The trial court's denial of the motion to quash the attempted service of process is REVERSED and REMANDED with instructions to proceed in accordance with this opinion.
DAUKSCH and LETTS, JJ., concur.