406 So.2d 1267 (1981)
Brett PANTER, Appellant,
v.
WERBEL-ROTH SECURITIES, INC., Appellee.
No. 81-380.
District Court of Appeal of Florida, Fourth District.
December 9, 1981.
*1268 Louis Vernell, Miami Beach, for appellant.
Robert A. Plafsky of Ruden, Barnett, McClosky, Schuster & Russell, Fort Lauderdale, for appellee.
BERANEK, Judge.
The appellant appeals from an order denying his motion to vacate final judgment. The appellee, Werbel-Roth Securities, Inc., filed suit against the appellant alleging insufficient funds to cover a check, breach of contract, and misrepresentation. Service was made on the appellant by substituted service at the home of his father in Hollywood. His father attempted to quash service on appellant's behalf and filed a sworn motion attesting to the fact that his son lived in Michigan and had not designated his father to accept process in his behalf. The motion was denied. The appellant did not respond to the complaint and the trial court granted the appellee's motion for default against the appellant.
At this point, the appellant made a motion to vacate the default and to quash service attaching an affidavit concerning his residency and usual place of abode. The affidavit stated that the appellant was a permanent resident of Michigan, having lived there for three years, and that he had a valid Michigan driver's license and voter registration card. Furthermore, all requisite tax returns reflected his Michigan address. This motion to vacate the default was scheduled to be heard at the same time as the appellee's motion for final judgment. Both were continued by agreement of the parties because of the trial schedule of appellant's counsel. The appellee rescheduled its motion for final judgment but there is a dispute as to whether the appellant received notice of this hearing. The trial court granted the motion for final judgment but never heard the appellant's motion to vacate. The appellant then made a motion to vacate final judgment which was denied. On appeal, the appellant contends that the trial court erred in entering and in failing to vacate the default and final judgment. We agree and reverse.
Section 48.031, Florida Statutes (1979), requires that service be at the appellant's usual place of abode. Statutes governing substituted service of process must be strictly construed and strictly complied with. Wakeman v. Farish, 356 So.2d 1323 (Fla. 4th DCA 1978); Hauser v. Schiff, 341 So.2d 531 (Fla. 3d DCA 1977). The term "usual place of abode" means the place where the person is actually living at the time of service. Hauser v. Schiff, supra; State v. Heffernan, 142 Fla. 496, 195 So. 145 (1940). Both appellant's father and appellant executed sworn statements to the effect that the appellant was living at his permanent address in Michigan when service was made in Hollywood. Appellant stated that he was a permanent resident of Michigan, having lived there for three years, that he had a Michigan driver's license, that he voted there and filed taxes there. In contrast, the appellee offered no evidence contradicting these affidavits nor did it offer any proof that the appellant's usual place of abode was Hollywood.
The appellant argues that the purpose of service of process is notice and that the father, who was in contact with his son, had advised the appellant of the pendency of the suit. However, the appellant's actual knowledge of the attempted service cannot be used to justify the appellee's failure to strictly observe and substantially comply with service requirements. Napoleon B. Broward Drain District v. Certain Lands, Etc., 160 Fla. 120, 33 So.2d 716 (1948). In *1269 light of the uncontradicted evidence presented, we hold that the trial court erred in failing to vacate the default and final judgment. The matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
LETTS, C.J., and DOWNEY, J., concur.