411 So.2d 1359 (1982)
Judith HERSKOWITZ, Petitioner,
v.
SCHWARZ & SCHIFFRIN, Respondent.
No. 82-2.
District Court of Appeal of Florida, Third District.
April 6, 1982.
*1360 Judith Herskowitz, in pro. per.
Norman Schwarz, Miami Beach, for respondent.
Before BARKDULL, BASKIN and JORGENSON, JJ.
BARKDULL, Judge.
The petitioner has filed a petition for writ of certiorari seeking review of an order of the circuit court (sitting in its appellate capacity) which affirmed a trial court's order denying the defendant's motion to quash service of process.
Service of process was attempted by the process server going to the defendant's residence where, upon knocking on the door, a male voice answered. The unknown male refused to open the door so the process server left the papers on the door step and departed. His return indicated that he had served a John Doe, a person above the age of 15, who was a resident of the defendant's household, pursuant to Section 48.031, Florida Statutes (1979). The defendant moved to quash service of process, contending that both she and her son, the only permanent residents of her household, were out of town on the date service of process was alleged to have occurred. The trial court denied the motion. Timely appeal to the circuit court resulted in the order of affirmance.
The error alleged herein is of such fundamental nature that it rises to a level of denial of due process, so fatally infecting the proceeding that the ruling cannot answer constitutional muster. Thus, we shall exercise our certiorari jurisdiction. See: City of Winter Park v. Jones, 392 So.2d 568 (Fla. 5th DCA 1980). Section 48.031, Florida Statutes (1979), reads as follows:
"Service of process generally. 
(1) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint petition, or other initial pleading or paper or by leaving the copies at his usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section."
Statutes governing substituted service of process must be strictly construed and must be strictly complied with. Atlas Van Lines Inc., v. Rossmoore, 271 So.2d 31 (Fla. 2d DCA 1972); Hauser v. Schiff, 341 So.2d 531 (Fla. 3d DCA 1977). Section 48.031, Florida Statutes (1979) clearly requires that in order to perfect substituted service it must be made upon a person over the age of 15 years, who resides in the defendant's place of abode. The process server's return filed herein shows on its face that service was made on a John Doe person residing therein. Clearly, such a return is invalid on *1361 its face and without more cannot reflect a determination that the individual served comes within the purview of Section 48.031, Florida Statutes (1979). Such a return fails to show that the individual is over the age of 15 and, in fact, resides in the defendant's home; thus, service would be invalid. See: Hauser v. Schiff, supra; Couts v. Maryland Casualty Company, 306 So.2d 594 (Fla. 2d DCA 1975); Sangmeister v. McElnea, 278 So.2d 675 (Fla. 3d DCA 1973). Furthermore, leaving the suit papers outside the door of the defendant's abode, where there is no evidence that the individual inside the abode (who made the response) was a person 15 years of age or older, is insufficient evidence of the facts that are required under the statute. Cullimore v. Barnett Bank of Jacksonville, 386 So.2d 894 (Fla. 1st DCA 1980).
In light of the foregoing, we find that the circuit court (sitting in its appellate capacity) has departed from the essential requirements of law in affirming the trial court's order denying the defendant's motion to quash service of process.
Therefore, the order of the circuit court is quashed and the cause is remanded for further proceedings consistent herewith.
Quashed and remanded with directions.