PER CURIAM.
William Smatt appeals from the trial court’s order denying his motion to quash service of process. The return of service indicated substitute service upon Anne Castro/roommate. The unrebutted evidence before the trial court was that Mr. Smatt was not a resident at the address where substitute service was attempted. Nor was Ms. Castro (a temporary domestic employee who was not a member of the household) Mr. Smatt’s roommate. Plaintiff below, ap-pellee here, offered no evidence at the hearing on motion to quash.
Given the undisputed evidence before the trial court, we hold there was no effective service within the meaning of Section 48.-031, Florida Statutes (1979). The trial court erred in not granting the motion to quash service of process. Tamayo v. Caballero, 413 So.2d 78 (Fla.3d DCA 1982); Hauser v. Schiff, 341 So.2d 531 (Fla.3d DCA 1977).
Accordingly, the order under review is reversed and this cause is remanded with directions to the trial court to enter an order quashing service of process.
Reversed and remanded with directions.