PER CURIAM.
Leon Greene appeals from an order of the trial court denying a motion to quash service of process. He alleges as error that individual service was never made upon him and, therefore, the trial court had no jurisdiction. We agree and reverse.
Deborah and Robert Stone, plaintiffs below, filed an action against Dr. Greene and others alleging medical malpractice. The first complaint named Dr. Leon N. Greene, d/b/a Leon N. Greene, P.A. The summons and complaint were served by way of corporate service upon Dr. Greene’s nurse. The P.A. appeared and moved for summary judgment, alleging that the professional association had been formed after the alleged malpractice. The trial court granted summary judgment in an order that reads in part, “.. . that the Defendant’s Motion for Summary Judgment insofar as the professional association of Dr. Leon N. Greene is concerned be and the same is hereby granted but that the cause against Leon N. Greene, M.D., shall remain.”
Thereafter, the professional association filed a motion to vacate the trial court’s order and, as grounds for that motion, alleged that Dr. Greene had not been served as a party, that all the pleadings had been directed to the P.A. and that the P.A. had, in no way, responded on behalf of Leon N. Greene, M.D. The court granted the mo *291 tion and entered an amended order striking “but that the cause against LEON N. GREENE, M.D. shall remain” from its prior order. Other defendants to this action (not parties to this appeal) filed a motion to clarify the trial court’s order and, in the alternative, to quash the service of process upon Leon N. Greene, M.D., individually. The trial court denied the motion to quash or clarify and required Dr. Greene to answer the complaint.
We agree that Dr. Greene was never properly served and, accordingly, reverse the order of the trial court denying Dr. Greene’s motion to quash service of process. Hauser v. Schiff, 341 So.2d 531 (Fla. 3d DCA 1977).
Appellee’s reliance, in its Supplemental Authority, on Garcia v. Dade County Public Health Trust, 369 So.2d 634 (Fla. 3d DCA 1979) and Argenbright v. J. M. Fields Co., 196 So.2d 190 (Fla. 3d DCA 1967) is misplaced. A statute of limitations question was not raised below or briefed or argued here.
Accordingly, the order of the trial court is reversed and this cause is remanded for further proceedings consistent with the views expressed herein.
Reversed and remanded.