455 So.2d 613 (1984)
Jaime Alonzo GAMBOA and Marina Gamboa, Appellants,
v.
Iona Laverne JONES, Appellee.
No. 84-1183.
District Court of Appeal of Florida, Third District.
September 11, 1984.
*614 Lopez & Perez-Gurri and Susan L. Major, Coral Gables, for appellants.
Burt E. Redlus, Miami, for appellee.
Before DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
PER CURIAM.
The appellants, defendants below, appeal from an order denying their motion to set aside a default entered against them and an order denying their motion to quash the service of process upon them. We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). See Doctor's Hospital of Hollywood, Inc. v. Madison, 411 So.2d 190 (Fla. 1982), approving Pedro Realty, Inc. v. Silva, 392 So.2d 1005 (Fla. 3d DCA 1981), aff'd, 411 So.2d 872 (Fla. 1982). Cognizant of the admonition that statutes governing substituted service of process must be strictly complied with, see Herskowitz v. Schwarz & Schiffrin, 411 So.2d 1359 (Fla. 3d DCA 1982); Hauser v. Schiff, 341 So.2d 531 (Fla. 3d DCA 1977), we reverse the orders under review upon a holding that (1) where, as here, the sole evidence before the trial court revealed that the person upon whom process was served did not reside with the defendants, but rather was visiting with them for a ten-day period, the requirement of Section 48.031(1), Florida Statutes (1983), that a copy of the process be left with a person "residing" in the usual place of abode of the defendants was not met, the service was thus ineffective, and no in personam jurisdiction over the defendants was obtained, compare Couts v. Maryland Casualty Co., 306 So.2d 594 (Fla. 2d DCA 1975), with Sangmeister v. McElnea, 278 So.2d 675 (Fla. 3d DCA 1973)[1]; and (2) where, as here, no jurisdiction over the defendants was obtained, the defendants were not required to demonstrate a meritorious defense to the allegations of the complaint in order to be entitled to relief. See Hyman v. Canter, 389 So.2d 322 (Fla. 3d DCA 1980); Mac Organization, Inc. v. Harry Rich Corp., 374 So.2d 81 (Fla. 3d DCA 1979).
*615 Reversed and remanded with directions to vacate the default and quash service of process.
NOTES
[1] Both Couts and Sangmeister were decided under the predecessor to Section 48.031(1), which required that substituted service be made by leaving a copy at the defendant's "usual place of abode with some person of the family over fifteen years of age... ." (emphasis supplied). The emphasized words having been construed to require residence in the household rather than kinship with the person to be served, see Pyles v. Beall, 37 Fla. 557, 20 So. 778 (1896); Couts v. Maryland Casualty Co., 306 So.2d 594, the statute was apparently changed to its present form to reflect that construction. Thus, the holding in Couts that a relative visiting for a few days is not a person of the family is effectively a holding that such a short-term visitor is not a person residing in the usual place of abode of the defendant, and the holding in Sangmeister that a relative visiting for four months is a person of the family is effectively a holding that such a long-term visitor is a resident.