475 So.2d 1035 (1985)
Joel R. MAGAZINE, Appellant,
v.
Arturo Simon BEDOYA, Appellee.
No. 85-572.
District Court of Appeal of Florida, Third District.
October 1, 1985.
Walton, Lantaff, Schroeder & Carson and Sally R. Doerner, Miami, for appellant.
Ellis Rubin and Harry M. Fuqua, Miami, for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
PER CURIAM.
Magazine appeals a nonfinal order denying his motion to dismiss and quash service of process. We affirm.
The return of service in this case indicates that process was served on Magazine's mother-in-law, Agnes Oakford, at Magazine's usual place of abode and that she was informed of the contents of the papers. Magazine challenges the service arguing that: (1) his mother-in-law was not a "person residing therein" under section 48.031(1), Florida Statutes (Supp. 1984) because she was staying at his home for only six weeks while her broken leg healed; and (2) his mother-in-law's testimony that she did not know exactly what the papers were overcame the presumption of valid service by demonstrating that she was not informed of the contents thereof. We disagree.
A presumption of valid service arises from evidence of a return of service which is regular on its face. Klosenski v. Flaherty, 116 So.2d 767 (Fla. 1959). The party challenging the service must overcome that presumption by clear and convincing evidence. Montano v. Montano, 472 So.2d 1377 (Fla. 3d DCA 1985); Slomowitz v. Walker, 429 So.2d 797 (Fla. 4th DCA 1983). We find that Magazine has failed to meet that burden in this case.
First, Ms. Oakford's six-week stay at Magazine's residence was long enough that she may properly be regarded as "a person residing therein" under section 48.031(1). Compare Sangmeister v. McElnea, 278 So.2d 675 (Fla. 3d DCA 1973) (four month visit establishes residing therein requirement) with Gamboa v. Jones, 455 So.2d 613 (Fla. 3d DCA 1984) (ten day visit *1036 does not meet the requirement of residency).[1]
Second, there was no evidence that Ms. Oakford was not informed of the contents of the papers served. Consequently, Magazine has failed to show, by clear and convincing evidence, that the service was defective.[2] Accordingly, the order denying his motion is affirmed.
Affirmed.
NOTES
[1] We note also that Ms. Oakford responded affirmatively to the process server's query, "Do you live here?".
[2] Ms. Oakford's testimony that she did not know "just exactly what the papers were" does not establish that she was not informed of their contents since one can be informed of the contents of documents [suit papers] and not know "exactly" what they are [process and pleadings]. (emphasis added) Even if such testimony does in some way negate the presumption arising from the return of service, it falls far short of meeting the clear and convincing standard necessary to overcome the presumption. See Slomowitz; see also Bache, Halsey, Stuart, Shields, Inc. v. Mendoza, 400 So.2d 558 (Fla. 3d DCA 1981) (testimony of the recipient and the process server established a failure to meet the requirement that the person served with papers be informed of their contents).