SHARP, Chief Judge,
dissenting.
I respectfully dissent. A formidable problem in this case is that there is no record of the contempt hearing. However, the trial judge recites facts and findings which, taken in the strongest light favoring an affirmance, do not support the trial judge’s legal conclusion that service of the subpoena was properly effected on Palaz-zola.[1]
Palazzola appeals from a judgment finding her in contempt for failure to attend a deposition for which a subpoena duces te-cum had been issued. The return of service shows it was served by the process server on Palazzola’s scheduling secretary, D. Mahr. The affiant stated:
[Preprinted form stated]
“[s]erved the same on Arlene Palazzola, M.D.” [Handwritten by process server under Explanation] “D. Mahr The Scheduling Secretary Accepted Service for Dr. Palazzola.”
The secretary then gave (not served) the subpoena to Palazzola. The court found:
2. The original Subpoena Duces Te-cum for Deposition was served upon Arlene Palazzola, M.D. through her scheduling secretary, D. Mahn [sic] who accepted service of process for the said Arlene Palazzola, M.D. and provided such Subpoena to the said Arlene Palaz-zola, M.D.
******
4. Arlene Palazzola, M.D. was duly and properly served with process.
This was clearly a type of substitute service of process not authorized by sections 48.031(1) and (2); and if there were any extraordinary facts making this service legally sufficient, they should have been incorporated in the trial court’s findings on the service of process documents themselves. See, e.g., State v. Bruna, 104 So.2d 588 (Fla.1958); City of Pompano Beach v. Beatty, 177 So.2d 261 (Fla. 2d DCA 1965).
Florida Rule of Civil Procedure 1.410(c) provides that a subpoena may be served by any person authorized by law or by another person not a party to the action, who is at least eighteen years of age. Service shall be made “as provided by law." Section 48.031(2) provides that service of process of witness subpoenas are to be made as provided in section 48.031(1).[2] Therefore, service of subpoenas is to be made in the same manner as service of original process.
Section 48.031(1) requires that, for proper service of process, the papers must be served directly on the person to be served. Alternatively, they may be served at the person’s residence on a person who resides there and who is at least fifteen years of age. Service must be on the person, or in the event of substituted service, on a qualified resident at a person’s residence. Statutes governing substituted service must be strictly construed and strictly complied *505 with. Herskowitz v. Schwarz & Schiffrin, 411 So.2d 1359 (Fla. 3rd DCA 1982); Panter v. Werbel-Roth Securities, Inc., 406 So.2d 1267 (Fla. 4th DCA 1981); Hauser v. Schiff, 341 So.2d 531 (Fla. 3rd DCA 1977); Atlas Van Lines v. Rossmoore, 271 So.2d 31 (Fla. 2d DCA 1972). Where a return of service is defective on its face, it cannot be relied on as evidence of the court’s jurisdiction. Gonzalez v. Totalbank, 472 So.2d 861 (Fla. 3rd DCA 1985).[3]
Service on a secretary who then hands the papers to her employer is not proper service on the employer. Hauser. Nor can it be said that the secretary in turn served her employér. An employee is “interested in the action,” and is therefore ineligible to be appointed to serve process. Wakeman v. Farish, 356 So.2d 1323 (Fla. 4th DCA 1978); see also, Local No. 666, Concrete Products and Material Yard Workers v. Dennis, 453 So.2d 1138 (Fla. 4th DCA 1984) (service on secretary of business manager insufficient to constitute service on union); Greene v. Stone, 418 So.2d 290 (Fla. 3rd DCA 1982) (service upon physician’s nurse insufficient).
Since service of subpoenas is governed by the same rules as that of original process, service of the subpoena on Palazzola was invalid and of no legal effect, and the judgment of contempt should be reversed.

. Failure to include a transcript is not an absolute bar to reversal. See, e.g., Ed Ricke and Sons, Inc. v. Green By and Through Swan, 468 So.2d 908 (Fla.1985) (record sufficient to support reversal where one party designated certain portions of a transcript and opposing party failed to designate additional portions of transcript, thereby admitting nothing else was necessary); State v. Bishop, 395 So.2d 238 (Fla. 1st DCA 1981) (failure to provide transcript of hearing did not require affirmance since no evidence was presented); Delehant v. Delehant, 383 So.2d 231 (Fla. 4th DCA 1979) (final judgment reversible on its face, without transcript, due to inconsistency).

. There is an exception for service of a witness subpoena in a criminal case that involves only a misdemeanor.

. Where it was uncontradicted that, at the time of service party was residing at a different address than at which service was made, service was not made at usual place of abode, and unless there was a waiver of personal jurisdiction, no valid service. Gonzalez v. Totalbank, 472 So.2d 861, 864 (Fla. 3rd DCA 1985).