634 So.2d 240 (1994)
George HOVARTH, Appellant,
v.
AETNA LIFE INSURANCE COMPANY for the Use and Benefit of the VOLUNTARY BENEFIT PLAN FOR RETIRED EMPLOYEES OF WHITE MOTOR COMPANY, Appellee.
No. 93-2088.
District Court of Appeal of Florida, Fifth District.
March 25, 1994.
John C. Hubbard of William R. Northcutt, P.A., Indian Harbour Beach, for appellant.
Eddy R. Resnick of Gold Resnick & Segall, P.A., Tampa, for appellee.
COBB, Judge.
The issue on this appeal deals with the validity of service of process.
On January 14, 1993, a deputy sheriff went to the home of George Hovarth, who was then on vacation, in an attempt to deliver a summons and complaint.
Hovarth's son-in-law, Karl Biehl, who lived next door, had a key and was looking after the house taking in mail and newspapers while Hovarth was on vacation. Biehl was the person served even though he was not residing in Hovarth's house. Subsequently, a default judgment was entered against Horvath, and his motion to vacate that default was denied, giving issue to the instant appeal.
Aetna concedes that the requirements of section 48.031(1), Florida Statutes, were met with the exception that Karl Biehl "did not reside at Hovarth's place of abode." Aetna claims, however, that the final judgment of default was valid because Hovarth had "actual notice" of the proceeding against him. To simplify the matter further, Hovarth does not deny that he later received actual notice from his 12-year old grandson. The only issue in dispute then is whether in order to obtain in personam jurisdiction pursuant to section 48.031(1), Aetna was required to serve a person who actually resided at Hovarth's usual place of abode.
Section 48.031(1) reads:
(1)(a) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.
Essential to substituted service above is the fact that the person actually served must be residing in the house of the person to be served. Gamboa v. Jones, 455 So.2d 613 (Fla. 3d DCA 1984); Hauser v. Schiff, 341 So.2d 531 (Fla. 3d DCA 1977). Furthermore, attempted service of a relative who is not residing with the party to be served is insufficient, regardless of the probability that the party to be served will or does learn of the attempted service. Bedford Computer Corp. v. Graphic Press, Inc., 484 So.2d 1225, 1227 *241 (Fla. 1986). See also Moschetta v. Atlantic National Bank of Broward, 540 So.2d 166 (Fla. 4th DCA 1989); Milanes v. Colonial Penn Insurance Company, 507 So.2d 777, 778 (Fla. 3d DCA 1987).
In the instant case, the trial court clearly erred in denying Hovarth's motion to vacate the final judgment of default. Service of process was invalid.
REVERSED.
HARRIS, C.J., and W. SHARP, J., concur.