637 So.2d 994 (1994)
Pablo UBILLA, Appellant,
v.
L & W SUPPLY, a foreign corporation d/b/a Seacoast Supply, Appellee.
No. 94-328.
District Court of Appeal of Florida, Third District.
June 7, 1994.
*995 David S. Abrams, Coral Gables, for appellant.
No appearance for appellee.
Before BASKIN, JORGENSON and COPE, JJ.
PER CURIAM.
Pablo Ubilla, a resident of Nicaragua, appeals from an order denying his motion to set aside a default judgment. For the following reasons, we reverse.
Ubilla was named as a defendant in an action to foreclose on a mechanic's lien, based upon a personal guaranty that he had executed for the purchase of construction supplies. Plaintiff served a summons and a copy of the complaint on Ubilla's sister in Miami at a residence that she owned. When Ubilla, who lived in Nicaragua, learned of the lawsuit, the time to answer had elapsed; a default was then entered. After securing an attorney in Miami, Ubilla moved to set aside the default pursuant to Fla.R.Civ.P. 1.540; the trial court denied the motion.
Section 48.031, Florida Statutes (1993) provides that service of process may be made by leaving a copy of the complaint at the defendant's "usual place of abode with any person residing therein... ." (Emphasis added). The affidavits that Ubilla and his sister filed in support of the motion established that Ubilla neither lived at his sister's residence nor owned the property. Accordingly, the trial court erred in denying the motion to set aside the default, as service of process upon Ubilla was ineffective, and the trial court lacked personal jurisdiction over him. See Moschetta v. Atlantic Nat'l Bank of Broward, 540 So.2d 166 (Fla. 4th DCA 1989) (where service of process defective, trial court lacked jurisdiction over defendant and improperly denied defendant's motion to set aside default); Gamboa v. Jones, 455 So.2d 613 (Fla. 3d DCA 1984) (same). Because jurisdiction did not lie, defendant need not demonstrate a meritorious defense to the allegations of the complaint. Gamboa, 455 So.2d at 614.
Reversed and remanded for further proceedings consistent with this opinion.