PER CURIAM.
Upon review of plaintiff below Margery O’Brien’s Consent to Voluntarily Withdraw Default and to Remand, and upon our independent review of the record, we remand this matter to the circuit court with instruction to the clerk to vacate the default at issue.
When a complainant resorts to constructive service... .[w]here personal service of process cannot be had, then service of process by publication may be had upon the filing of an affidavit on plaintiff’s behalf stating the residence of the person to be served as particularly as is known after ‘diligent search and inquiry.’ In addition to the publication required as aforesaid, notice of the suit must be mailed to such address as ‘diligent search and inquiry’ may cause to be discovered. We note, parenthetically, the strict compliance with these statutory procedures, at the peril of rendering the proceedings void, is rudimentary.
Gmaz v. King, 238 So.2d 511, 514 (Fla. 2d DCA 1970) citing Klinger v. Milton Holding Co., 136 Fla. 50, 186 So. 526, 534(Fla.1938).(Footnotes omitted.) See Gonzalez v. Totalbank, 472 So.2d 861 (Fla. 3d DCA 1985); Herskowitz v. Schwarz & Schiffrin, 411 So.2d 1359 (Fla. 3d DCA 1982). In the instant ease, the record is devoid of evidence that plaintiff made any effort to contact defendant. The trial docket fails to show that the clerk mailed notice of the suit to defendant as required by section 49.12 Florida Statutes (1995), although defendant’s address was easily ascertainable and defendant had made no effort to conceal his whereabouts. Plaintiff filed a formal notice by publication, however there was no affidavit of diligent search as required by statute. See § 49.031, Fla. Stat. (1995). In sum, as *909 defendant argues and plaintiff now concedes, the requirements for substituted service, having not been strictly complied with, remand for vacation of the default is appropriate.
Remanded with instruction to the clerk to vacate the default previously entered.