710 So.2d 218 (1998)
AERO COSTA RICA, INC., a Florida corporation, and Aero Costa Rica Acori, S.A., a foreign corporation, Petitioners,
v.
DISPATCH SERVICES, INC. a Florida corporation, Respondent.
No. 97-2407.
District Court of Appeal of Florida, Third District.
May 6, 1998.
Spencer & Klein and David M. Tarlow, Miami, for petitioners.
Juan Zorilla, Miami, for respondent.
Before LEVY, GREEN and FLETCHER, JJ.
GREEN, Judge.
Respondent, Dispatch Services, Inc., filed a two count complaint against petitioner, Aero Costa Rica Acori, S.A., a foreign corporation, *219 for breach of contract and account stated. The petitioner, in turn, sought no affirmative relief in the action below. Subsequently, the respondent subpoenaed for deposition in Dade County, Florida, Calixto Chavez, president of Aero Costa Rica. Chavez is a resident of Costa Rica. Respondent served Mr. Chavez by serving another employee of Aero Costa Rica. Mr. Chavez was subpoenaed in his individual capacity and not as a corporate representative. In fact, the respondent simultaneously noticed for deposition the petitioner's corporate representative with the most knowledge of the allegations which gave rise to this action. Mr. Chavez was not designated as the corporate representative based on the petitioner's assertion that he had no knowledge of the facts and circumstances surrounding this action. The petitioner moved for a protective order prohibiting the respondent from deposing Mr. Chavez in Dade County, Florida. The trial court's denial of this motion prompted this appeal which we treat as a petition for writ of certiorari.
We first find that the lower court's denial of the motion for protective order to be a departure from the essential requirements of the law because the substituted service of the witness subpoena on Mr. Chavez was legally insufficient pursuant to sections 48.031(1)(a) and (3), Florida Statutes. This statute mandates in relevant part that:
(1)(a) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.
....
(3) The service of process of witness subpoenas, whether in criminal cases or civil actions, is to be made as provided in subsection (1).
§ 48.031(1)(a), (3), Fla. Stat. (1995).
Statutes which govern substituted service of process are to be strictly construed and also, they must be strictly complied with. See Hauser v. Schiff, 341 So.2d 531, 531 (Fla. 3d DCA 1977). Clearly then, the respondents purported substitute service of the witness subpoena on another employee of the petitioner's corporation did not satisfy the requirements for obtaining personal service on Mr. Chavez pursuant to section 48.031. See Stoeffler v. Castagliola, 629 So.2d 196, 197-98 (Fla. 2d DCA 1993).
Even if the service of the witness subpoena had been properly effected against Mr. Chavez, either personally or by serving someone at his usual place of abode, his deposition in Dade County, Florida would still be improper and a departure from the essential requirements of the law because we have held that, "[i]n the absence of extraordinary circumstances ..., the deposition of a non-resident officer of a non-resident corporate defendant not seeking affirmative relief is to be taken at deponent's place of residence". United Teachers Assocs. Ins. Co. v. Vanwinkle, 657 So.2d 1232, 1232-33 (Fla. 3d DCA 1995).
Thus, for these reasons, we grant the writ and quash the order under review.
Writ granted.