751 So.2d 752 (2000)
FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellant,
v.
Javier A. FANDINO, Appellee.
No. 3D99-1546.
District Court of Appeal of Florida, Third District.
March 1, 2000.
*753 David J. Stern and Donna S. Glick (Plantation), for appellant.
Albert D. Rey, for appellee.
Before GREEN, FLETCHER, and SHEVIN, JJ.
PER CURIAM.
We grant the appellant's motion for rehearing, withdraw our opinion of December 8, 1999, and substitute the following opinion in its place.
The appellant appeals a non-final order quashing service of process made pursuant to section 48.194, Florida Statutes (1997), on the appellees who are permanent residents of Columbia. The appellant filed a mortgage foreclosure complaint against the appellees. At the time that the suit was filed, the appellees were residing in Columbia. Thus, the appellant served the appellees via substituted service of process in Columbia pursuant to section 48.194(2), Florida Statutes (1997). Service of the complaint on the appellees was attempted through the use of two Federal Express international air waybills, one addressed to Constanza Fandino and the other to Javier A. Fandino a/k/a Javier Fandino Gonzalez. Both of the air waybills were signed for and accepted by a D. Botacha.
Less than two months after filing the complaint, the appellant moved for summary judgment. The trial court granted the motion. However, before the property was foreclosed upon and sold, the appellees filed an emergency motion to quash service of process, and to vacate final summary judgment of foreclosure. In this motion, the appellees argued that the summary judgment should be vacated because they were improperly served. The trial court granted the motion finding that service of process upon the appellees was not in accordance with the law. All judgments, orders and writs were canceled, vacated and declared void ab initio. The appellant has appealed this order.
Where substitute service of process is used, strict compliance with the statutes governing this form of service is essential to obtaining valid personal jurisdiction over the defendant(s). See Linn v. Kidd, 714 So.2d 1185, 1187 (Fla. 1st DCA 1998); Aero Costa Rica, Inc. v. Dispatch Servs., Inc., 710 So.2d 218, 219 (Fla. 3d DCA 1998); Corneal v. O'Brien, 707 So.2d 908, 908 (Fla. 3d DCA 1998); Floyd v. Federal Nat'l Mortgage Assoc., 704 So.2d 1110, 1112 (Fla. 5th DCA 1998); Wyatt v. Haese, 649 So.2d 905, 907 (Fla. 4th DCA 1995); Hobbs v. Don Mealey Chevrolet, Inc., 642 So.2d 1149, 1155 (Fla. 5th DCA 1994); Pelycado Onroerend Goed B.V. v. Ruthenberg, 635 So.2d 1001, 1003-04 (Fla. 5th DCA 1994). Section 48.194(2)(a) requires, among other things, that the plaintiff serve the defendant, via registered mail, a copy of the original process and complaint. Also, if service of process is made pursuant to section 48.194(2)(a), section 48.194(4) requires an affidavit which must include:
... [1] the nature of the process; [2] the date on which the process was mailed by registered mail; [3] the name and address on the envelope containing the process; [4] the fact that the process *754 was mailed registered mail return receipt requested; [5] who signed the return receipt, if known, and the basis for that knowledge; and the relationship between the person who signed the receipt and the person to be served, if known, and the basis for that knowledge. The return receipt from the registered mail shall be attached to the affidavit.
§ 48.194(4), Fla. Stat. (1997).
Here, we conclude that service upon the appellees was invalid where the appellant sent a copy of the original process and complaint via Federal Express international air waybills. Service of process by a private courier service does not, strictly speaking, satisfy the statutory requirement that substituted service be made by registered mail. See Global Servicios, S.A. v. Toplis & Harding, Inc., 561 So.2d 674, 674 n. 1 (Fla. 3d DCA 1990)(suggesting that the use of a private courier service to send notice of service of process is "questionable"); see also generally Transco Leasing Corp. v. United States, 992 F.2d 552, 554 n. 2 (5th Cir.1993)(admonishing the bar that service via Federal Express is not service via mail); Audio Enterprises, Inc. v. B & W Loudspeakers of Am., 957 F.2d 406, 409 (7th Cir.1992)(holding that "Federal express is not first class mail."); Helmers v. Sortino, 545 N.W.2d 796, 799 (N.D.1996) (holding that "Federal Express delivery is not mail delivery"). Moreover, the mandatory affidavit requirement of section 48.194(4) contemplates that service of process was made by registered mail. Accordingly, since the appellant did not strictly comply with section 48.194, we cannot conclude that the trial court abused its discretion by voiding all judgments, orders and writs entered in this case.
Affirmed.