788 So.2d 300 (2001)
The STATE of Florida, Appellant,
v.
Sergio VALDES and Carlos Valdes, Appellees.
No. 3D00-1469.
District Court of Appeal of Florida, Third District.
April 11, 2001.
Rehearing and Rehearing Denied July 20, 2001.
*301 Robert A. Butterworth, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellant.
Howard Brodsky, for appellees.
Before COPE, FLETCHER and SORONDO, JJ.
Rehearing and Rehearing En Banc Denied July 20, 2001.
COPE, J.
Subsection 370.061, Florida Statutes (1997), provides for the forfeiture of boats and equipment which have been used for the illegal taking (or attempted taking) of salt water fish or other salt water products. The question before us is whether the statute is constitutional.
We conclude that the procedures outlined in Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla.1991), apply to this statute. So construed, the statute is constitutional. Because the required procedures were not followed in this case, we affirm the dismissal of the forfeiture action.

I.
In 1997 Sergio Valdes was operating a forty-three foot fishing boat, La Esperanza. Florida Marine Patrol officers boarded the vessel and arrested him for possession of 79 undersized crawfish and 137 out-of-season stone crab claws as well as resisting a Florida Marine Patrol officer.[1]
Sergio pled guilty to these misdemeanor charges. The County Court imposed fines and a jail sentence to be followed by a period of probation.
Thereafter, on July 14, 1998, the Marine Patrol seized the forty-three foot fishing boat with the intention of obtaining its forfeiture under section 370.061, Florida Statutes. The fishing vessel is owned by Carlos Valdes, Sergio's brother.
On July 31, 1998, the state filed its Motion for Final Order of Forfeiture of Nuisance. The state filed its motion in Sergio's misdemeanor case. The state served its motion on Sergio's attorney. The state did not serve the motion on the owner, Carlos.
Sergio moved to dismiss the forfeiture proceeding, arguing that section 370.061 is unconstitutional. Sergio contended that *302 the statute is fatally deficient because it does not contain provisions for due process notice and an opportunity to be heard.
The County Court denied Sergio's motion to dismiss, reasoning that Sergio did not have standing to challenge the statute because Sergio had no ownership interest in the fishing vessel.
Carlos moved to intervene and filed his own motion to dismiss the forfeiture proceeding. The County Court concluded that the statute was unconstitutional as applied to Carlos because, even though he was the owner of the fishing boat, he had been given no notice or opportunity to be heard. The court also ruled that the statute denied equal protection of the laws and was therefore facially unconstitutional.
The County Court dismissed the forfeiture action and the state has appealed to this court.[2]

II.
We conclude that the statute can be construed in such a way as to preserve its constitutionality.
Carlos argues in substance that the statute is unconstitutional because it does not contain sufficient procedural safeguards to assure that the owner and other interested persons are given notice of the seizure and an opportunity to be heard.
The Florida Supreme Court confronted a similar issue in Department of Law Enforcement v. Real Property. In that case, like this one, the court confronted a statute which did not spell out the procedure to be followed where the state was seeking the forfeiture of property.
The court noted that "[t]the forfeiture practice of courts in this state has been largely established by case law in the absence of formal direction." 588 So.2d at 966 (citations omitted). In a comprehensive opinion the court spelled out the procedures which had to be followed so that the forfeiture statute there at issue was "applied consistent with the minimal due process requirements of the Florida Constitution...." Id. at 959.
Section 370.061, like the statute construed in Department of Law Enforcement v. Real Property, does not spell out the procedure to be followed. The statute provides in substance that boats and other equipment used for the illegal taking (or attempted taking) of salt water fish or products are declared nuisances and the court may order such nuisances forfeited. This can only be done after trial and conviction of the person in whose possession the personal property was found. If a motor vehicle is seized, notice must be given to any lienholder whose lien appears on the title. Id. An innocent owner may obtain the property from the agency by paying one dollar for it if the owner "shall prove that he or she in no way participated in, gave consent to, or had knowledge of such act." § 370.061(1), Fla.Stat. (1997).[3]
*303 We conclude that in order for the statute to operate consistently with the due process clause of the Florida Constitution, the state and the courts must follow the procedures established in Department of Law Enforcement v. Real Property.
The state in this case should have obtained an ex-parte preliminary hearing for the court to determine whether there was probable cause to maintain the forfeiture action. 588 So.2d at 965. Upon the ex parte seizure of the fishing boat, the state should have notified all interested parties that the state had taken the property in a forfeiture action and that they have the right to request a post-seizure adversarial preliminary hearing. Id. Thus Carlos, as the owner, should have been given notice immediately.
Under the Department of Law Enforcement v. Real Property decision, where there is a request for an adversarial preliminary hearing, it should be held within ten days of the request. "Under no circumstances may the state continue its restraint on the property pending final disposition unless notice and an opportunity to be heard in an adversarial proceeding are provided to all potential claimants." Id. at 966 (citation omitted).
The decision in Department of Law Enforcement v. Real Property goes on to spell out the nature of the pleadings and the law applicable to an adjudication on the merits, including the right to jury trial. Id. at 966-67. When the above principles are applied, the statute is constitutional from a due process standpoint.
We thus respectfully disagree with the trial court's conclusion that the statute is unconstitutional from a due process standpoint. We do agree, however, with the court's ultimate conclusion that the forfeiture proceeding must be dismissed because the state in no way complied with the required procedures in seizing this vessel. We therefore affirm the judgment *304 dismissing the forfeiture action with prejudice and directing that the vessel be returned to the owner.[4]

III.
The trial court also ruled that subsection 370.061(1) denies equal protection of the laws. Carlos points out that under the statute, a lienholder of a motor vehicle is not to be divested of any of its rights in the forfeiture proceeding. By contrast, as written, the statute apparently allows a court to declare a forfeiture without notice to the owner, and then, after the fact, allows the owner to prove his or her innocent status and purchase the property back from the agency for one dollar. Id.
This problem, too, has been corrected in the preceding section of this opinion, by our conclusion that the Department of Law Enforcement v. Real Property decision is applicable to this statute. As already stated, the due process clause of the Florida Constitution forbids the forfeiture of personal property without giving interested persons, including the owner, notice and an opportunity to be heard. The state's claims and the owner's defenses must be heard before a forfeiture is declared.[5]

IV.
We urge the legislature to revisit this statute so as to assure that it operates fairly with respect to citizens and the agency. We note that after Department of Law Enforcement v. Real Property was announced in 1991, the legislature accomplished a comprehensive revision of the Florida Contraband Forfeiture Act, ch. 92-54, Laws of Fla., and a similar undertaking would be helpful here.

V.
For the stated reasons, the judgment dismissing the forfeiture action is affirmed.
NOTES
[1] The resisting charge was based on the fact that when the Florida Marine Patrol officers approached the vessel, the occupants pushed three traps overboard. The Marine Patrol recovered the traps and found them to contain the illegal crawfish and stone crab claws.
[2] Although county court judgments are ordinarily appealed to the circuit court, the legislature has excluded from circuit court jurisdiction "appeals of county court orders or judgments declaring invalid a state statute...." § 26.012(1), Fla.Stat. "District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts ... not directly appealable to the supreme court or a circuit court." Art. V, § 4(b)(1), Fla. Const. The appeal is properly lodged in this court. Fieselman v. State, 566 So.2d 768, 769-70 (Fla.1990); State v. Freund, 561 So.2d 305, 306 (Fla. 3d DCA 1990); Philip J. Padovano, Florida Appellate Practice § 4.3, at 81 (1997).
[3] Subsection 370.061(1) states:

(1) CONFISCATION; PROCEDURE.In all cases of arrest and conviction for the illegal taking, or attempted taking, sale, possession, or transportation of saltwater fish or other saltwater products, such saltwater products and seines, nets, boats, motors, other fishing devices or equipment, and vehicles or other means of transportation used in connection with such illegal taking or attempted taking are hereby declared to be nuisances and may be seized and carried before the court having jurisdiction of such offense, and said court may order such nuisances forfeited to the Division of Marine Resources of the department immediately after trial and conviction of the person or persons in whose possession they were found, except that, if a motor vehicle is seized under the provisions of this act and is subject to any existing liens recorded under the provisions of s. 319.27, all further proceedings shall be governed by the expressed intent of the Legislature not to divest any innocent person, firm, or corporation holding such a recorded lien of any of its reversionary rights in such motor vehicle or of any of its rights as prescribed in s. 319.27, and that, upon any default by the violator purchaser, the said lienholder may foreclose its lien and take possession of the motor vehicle involved. When any illegal or illegally used seine, net, trap, or other fishing device or equipment or illegally taken, possessed, or transported saltwater products are found and taken into custody, and the owner thereof shall not be known to the officer finding the same, such officer shall immediately procure from the county court judge of the county wherein they were found an order forfeiting said saltwater products, seines, nets, traps, boats, motors, or other fishing devices to the division. All things forfeited under the provisions of this law may be destroyed, used by the division, disposed of by gift to charitable or state institutions, or sold and the proceeds derived from said sale deposited in the Marine Resources Conservation Trust Fund to be used for law enforcement purposes. However, forfeited boats, motors, and legal fishing devices only, may be purchased from the division for $1 by the person or persons holding title thereto at the time of the illegal act causing the forfeiture, if such person shall prove that he or she in no way participated in, gave consent to, or had knowledge of such act.
[4] The state argues that subsection 370.061(1) is distinguishable from the statute involved in Department of Law Enforcement v. Real Property because subsection 370.061(1) declares personal property used for the illegal taking of saltwater fish to be a nuisance. The statute involved in Department of Law Enforcement v. Real Property was the Florida Contraband Forfeiture Act. We see no distinction. Among other things, the Florida Contraband Forfeiture Act provides that personal property used as an instrumentality in the commission of a felony is a contraband article. § 932.701(2)(a)5., Fla.Stat. In the present case, subsection 370.061(1) declares that personal property used in the taking or attempted taking of saltwater fish or other saltwater products is a nuisance.

In both situations, the personal property is subject to forfeiture because of its use in criminal activity: felonies in the case of the Florida Contraband Forfeiture Act, and misdemeanors in the case of subsection 370.061(1). The due process analysis of Department of Law Enforcement v. Real Property applies to the present case.
[5] As a practical matter there will be no occasion for the agency to charge an owner the one dollar fee because the owner must be heard before, not after, the forfeiture.