PER CURIAM.
This is an appeal from an order denying Ocean Bank’s motion to set aside a final judgment of forfeiture on the grounds that it was void where the bank had not been served with process pursuant to the Forfeiture Statute, section 932.704, Florida Statutes (1997).[1]
At oral argument both parties correctly agreed that Ocean Bank had a perfected security interest in the Save Import CD which was pledged as collateral for the letter of credit by virtue of the bank’s possession of the CD.[2] Thus, with regard to that interest, pursuant to statute, the state was required to serve Ocean Bank with a copy of the forfeiture complaint. Accordingly, the forfeiture of the CD was void as a matter of law, and Ocean Bank’s motion to vacate should have been granted in part.[3] See Byrom v. Gallagher, 609 So.2d 24, 26 (Fla.1992) (forfeiture actions are not favored in law or equity, and, therefore must be strictly construed). See also, e.g., Paredes v. Cochran, 666 So.2d 991 (Fla. 4th DCA 1996) (denial of motion to vacate in forfeiture action reversed where service of process was not properly effectuated).
*611 Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.

. This statute provides that:
[i]f the property is required by law to be titled or registered, or if the owner of the property is known in fact to the seizing agency, or if the seized property is subjected to a perfected security interest in accordance with the Uniform Commercial Code, chapter 679, the attorney for the seizing agency shall serve the foifeiture complaint as an original seivice of process under the Florida Rides of Civil Procedure and other applicable law to each person having an ownership or security interest in the property. The seizing agency shall also publish, in accordance with chapter 50, notice of the forfeiture complaint once each week for 2 consecutive weeks in a newspaper of general circulation, as defined in s. 165.031, in the county where the seizure occurred. (Emphasis added)
§ 932.704(6)(a), Fla. Slat. (1997).

. The UCC provides that:
[a] security interest in letters of credit and advices of credit (s.675.116(2)(a)), goods, negotiable documents, or chattel paper may be perfected by the secured party’s taking possession of the collateral. If such collateral other than goods covered by a negotiable document is held by a bailee, the secured party is deemed to have possession from the time the bailee received notification of the secured party’s interest. A security interest is perfected by possession from the time possession is taken without relation back and continues only so long as possession is retained, unless otherwise specified in this chapter. The security interest may be otherwise perfected as provided in this chapter before or after the period of possession by the secured party. (Emphasis added)
§ 679.305, Fla. Stat. (1997).

.In contrast, the State had no obligation to Ocean Bank regarding Save Import’s checking account which was not pledged as collateral for any security interest. Therefore that portion of the final judgment of forfeiture is affirmed.