COPE, J.
Oscar Gonzalez appeals the denial of his motion to set aside a forfeiture judgment. We reverse and remand for further proceedings.
I.
Law enforcement officers seized $399,915 in cash from defendant-appellant Gonzalez. The City of Hollywood sent a notification of seizure to the defendant. In so doing, the City used the address as it appeared on the police report. This address omitted the defendant’s apartment number. The detective who completed the report did not realize that there should have been an apartment number.
Because of the absence of an apartment number, the notification of seizure was returned to the City undelivered. The City consulted the driver’s license records in an attempt to find a better address. However, the driver’s license information generated an entirely different address.
*59 The City filed a forfeiture complaint. Believing that the addresses it had were not valid, the City served notice by publication. Ultimately a default was entered, followed by a final judgment of forfeiture.
Several months later, counsel for the defendant contacted the City requesting return of the money. When this was unavailing, the defendant filed a motion to set aside the final judgment and for return of the property. This was accompanied by an affidavit from the defendant asserting that he was the owner of the currency.
The City responded that the trial court should grant relief from judgment because the defendant had not been served with the forfeiture complaint. The City took the position that the court should then schedule an evidentiary hearing on the defendant’s standing to claim the funds.
The trial court denied the motion for relief from judgment, and this appeal follows.
II.
We conclude that the trial court should have granted relief from judgment.
The City filed a verified complaint for forfeiture. See § 932.704(5)(a), Fla. Stat. (1999). The trial court entered an order finding probable cause and directing the claimant to file a responsive pleading within twenty days. See id. § 932.704(5)(c).
The forfeiture complaint and order to show cause should have been served as original process under the Florida Rules of Civil Procedure and the statutes governing service of process. § 932.704(6)(a), Fla. Stat. The forfeiture statute requires that in addition to such service, there shall also be notice by publication. Id.
In the present case, the City only served notice by publication, and did not attempt any personal service on the defendant. The City acknowledges its error on this point. Indeed, defendant has demonstrated that his correct address was already reflected in another report in the police file, because there had been a consent search of the defendant’s apartment and the report accurately described the apartment’s address. Any reasonable inquiry by the City into the police file would have disclosed the correct address.[1]
The defendant was entitled to have the judgment set aside so that the case could proceed in the proper course. Because defendant was never properly served, he did not have to demonstrate a meritorious defense in order to have the judgment set aside. Ubilla v. L. & W. Supply, 637 So.2d 994 (Fla. 3d DCA 1994); see also Ocean Bank v. Save Import and Export, Inc., 797 So.2d 609 (Fla. 3d DCA 2001).
The defendant argues that he is entitled at this point to have judgment entered in his favor, and to have the funds returned to him. He contends that this relief is required because (a) the City sent the notice of seizure to an incomplete address, where he did not receive it, and (b) the City used service by publication when it was not entitled to do so.
We do not think that procedural errors of this type mean that the defendant is automatically entitled to prevail.
The guiding principle in the justice system is that disputes should be resolved, wherever possible, on the merits. North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 852 (Fla.1962). There is precedent for excusing procedural errors in the forfeiture context, as any other. State Dept. *60 of Natural Resources v. In re Forfeiture of One Vessel, 617 So.2d 778, 775 (Fla. 3d DCA 1993).
Further, in order to obtain return of the funds, the defendant must demonstrate that the funds are, in fact, his. Munoz v. City of Coral Gables, 695 So.2d 1283 (Fla. 3d DCA 1997).
The defendant relies on State v. Valdes, 788 So.2d 300 (Fla. 3d DCA 2001), but that case is not on point. There, this court required that a seized fishing boat be returned to the owner without further proceedings. But in that case the state had taken the position that the general principles applicable to forfeiture proceedings outlined in Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla. 1991), did not apply to the particular marine forfeiture statute at issue. 788 So.2d at 304 n. 4. Thus, the state had never attempted to follow any of the required procedures, and after a four-year delay, it was much too late for the state to start over. Those are not the facts of the case now before us. In the present case, the City followed the statutory procedures, see §§ 932.701-.707, Fla. Stat., but was deficient in accomplishing service.
For the reasons stated, we reverse the order denying relief from judgment and remand with directions to vacate the previously entered forfeiture judgment. The forfeiture proceeding should go forward in the normal course. We express no opinion on the ultimate merits of the forfeiture proceeding.
Reversed and remanded for further proceedings consistent herewith.

. This is not a case in which the plaintiff was unable to locate the defendant after diligent search and inquiry. See Corneal v. O’Brien, 707 So.2d 908 (Fla. 3d DCA 1998).